IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 23 2003

Robert M March
CLERK

MICHAEL RAMIREZ,

        Plaintiff,

vs.

ANTONIO MAESTAS, PAUL JARAMILLO,
TIM LeMASTERS, Warden, PENITENTIARY
OF NEW MEXICO, ROB PERRY Secretary of
Corrections, NEW MEXICO DEPARTMENT
OF CORRECTIONS, and STATE OF NEW
MEXICO,

        Defendants.

CIVIL NO. 03-481 LFG/ACT

## MEMORANDUM OPINION AND ORDER
## GRANTING STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on State Defendants' First Motion for Summary Judgment: Failure to Exhaust Administrative Remedies [Doc. 14].

Plaintiff Michael Ramirez ("Ramirez") is an inmate in the custody of the New Mexico Department of Corrections. He brings a 42 U.S.C. § 1983 claim, contending that the Defendants failed to protect him from assault by another inmate on April 25, 2000, at the Penitentiary of New Mexico.

In their motion, Defendants, Antonio Maestas, Tim LeMaster, Robert Perry, New Mexico Corrections Department and State of New Mexico ("State Defendants"), contend that Ramirez failed to exhaust administrative remedies. Defendants' motion is accompanied by affidavits executed by Ross Duran, the New Mexico Corrections Department Central Records Supervisor, and by Ralph Casaus, the Acting Supervisor for the Inmate Discipline and Grievance Department of the



Penitentiary of New Mexico. Defendants also submitted the Affidavit of Thomas E. Kolle, the Custodian of Offender Records for the Colorado Department of Corrections, as well as the Affidavit of Mike Flores, the Grievance Appeals Coordinator and custodian of all inmate grievance appeals filed with the New Mexico Department of Corrections.

The motion and accompanying affidavits were served on Ramirez on August 29, 2003. Thus, his response in opposition and support evidence was due no later than September 15, 2003. Ramirez failed to respond to the motion.[1]

The undisputed facts demonstrate that:

1. At the time he filed his complaint, Ramirez was in inmate in custody of the New Mexico Department of Corrections.

2. At the time of the assault and thereafter, Ramirez had been housed at the Penitentiary of New Mexico North Unit from February 1, 2000 to April 25, 2000; at the Penitentiary of New Mexico South Unit from April 25, 2000 to April 26, 2000; at the Penitentiary of New Mexico North Unit from April 26, 2000 to May 2, 2000; and at the Colorado Department of Corrections from May 2, 2000 to the present. This information is supported by the sworn testimony of Ross Duran.

3. Ramirez did not file any grievance concerning the April 25, 2000 assault while he was housed at the Penitentiary of New Mexico. The Affidavit of Ralph Casaus verifies the absence of any grievance.

---

[1] The Court also notes that on September 24, 2003, the Honorable Alan C. Torgerson, the referral magistrate judge, ordered Ramirez to show cause why his complaint should not be dismissed for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997(e)(a). Ramirez was afforded 20 days from the date of entry of the order to file a responsive pleading. He neither filed a responsive pleading nor requested any extension of time within which to act. By not showing any legitimate cause why his case should not be dismissed, Ramirez has consented to dismissal.

4. Similarly, while housed at the Colorado Department of Corrections, Ramirez never filed a grievance concerning the April 25, 2000 assault. This, too, is verified by Thomas E. Kolle's Affidavit.

5. The New Mexico Department of Corrections has no record of any appeal of any grievance filed by Ramirez relating to an assault at the Penitentiary of New Mexico on April 25, 2000. This information is verified by the sworn testimony of Mike Flores.

6. The evidence submitted by Defendants shows that Ramirez never filed, pursued or appealed a grievance concerning the physical assault allegedly sustained on April 25, 2000, while he was inmate at the Penitentiary of New Mexico.

Ramirez has not submitted any affidavit, grievance record, documentary evidence or other admissible evidence challenging these statements of fact and demonstrating the existence of a material issue of fact.

### Analysis

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

In Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819 (2001), the United States Supreme Court determined that inmates must exhaust administrative remedies before suing over prison conditions, even if the administrative process does not allow for an award of monetary damages. This significant decision was buttressed in 2002 when the Supreme Court again held in Porter v. Nussle,

534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002):

> [T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.

There is no doubt that administrative exhaustion is a prerequisite to an inmate's ability to bring an action in federal court. Porter, 534 U.S. at 524, citing Booth v. Churner, 532 U.S. at 739. See also Yousef v. Reno, 254 F.3d 1214, 1221 (10th Cir. 2001).

There are no material facts in dispute. Defendants have demonstrated that Ramirez simply failed to exhaust administrative remedies, and, therefore, failed to comply with the mandatory requirements of the Prison Litigation Reform Act.

The Court finds, as a matter of law, that State Defendants' motion for summary judgment is well-taken and should be granted; and Defendants Antonio Maestas, Tim LeMaster, Robert Perry, New Mexico Corrections Department, and State of New Mexico are hereby dismissed from this litigation.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

PLAINTIFF:
Michael Ramirez, pro se

ATTORNEY FOR DEFENDANTS:
Stephen G. French, Esq.